## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

In re:

LAWRENCE CARRERO
LESLIE CARRERO

Case No. 15-29341-RBR
Chapter 7

Debtors.
_____/

## TRUSTEE'S MOTION FOR APPROVAL OF JOINT STIPULATION OF SETTLEMENT

Trustee Sonya L. Salkin, by and through her undersigned counsel, moves this Court to approve the attached Joint Stipulation of Settlement (the "Stipulation"), and in support thereof states as follows:

1. The Trustee has diligently examined the facts and circumstances surrounding the filing of this Chapter 7 case, which occurred on October 31, 2015 (the "Petition Date"). Specifically the Trustee has examined issues surrounding the Debtors' pre-petition operation of a pawn shop located in Davie, Florida, a wholly owned business duly listed in the Debtors' schedules (ECF# 14, Sch. B, item 13).

2. As a result of her efforts, the Trustee and Debtors have reached the attached Stipulation, which, in brief, provides, for a lump sum payout of the sum of $2,500.00 to the estate, plus the waiver of $1,000 automobile exemption asserted by the Debtor, for a total settlement value of $3,500.00. The Trustee will also file a notice of abandonment as to a duly scheduled, poor-condition 1967 Buick Electra (this vehicle was valued at near scrap value by Mr. George Richards of National Auction Company). The $2,500.00 lump sum payment shall be made within twenty-

one (21) days of the Court's approval of the Stipulation (the actual terms of the Stipulation shall govern over this brief description and all parties are advised to read the Stipulation in its entirety, and all terms contained in the Stipulation are herein incorporated by reference).

3. Fed. R. Bankr. P. 9019(a) authorizes the Court, after notice and a hearing, to approve a compromise or settlement of a controversy. The approval or rejection of a compromise or settlement is left to the sound discretion of the Bankruptcy Court, which should approve the settlement when it is fair and equitable and in the best interests of the estate. *In re Kay*, 223 B.R. 816, 819 (Bankr. M.D. Fla. 1998). There is a general policy that encourages settlements and favors compromises. *In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993) (recognizing that the law favors compromise of disputes); see also *Myers v. Martin (In re Martin)*, 91 F.3d 389, 394 (3d Cir. 1996); *Florida Trailer and Equip. Co. v. Deal*, 284 F.2d 567, 571 (5th Cir. 1960). Some courts have held that a proposed settlement should be approved unless it yields less than the lowest amount that the litigation could reasonably produce. *In re Holywell Corp.*, 93 B.R. 291, 294 (Bankr. S.D. Fla. 1988).

4. Courts have relied on a number of factors in determining whether to approve a compromise or settlement pursuant to Bankruptcy Rule 9019(a). These factors include the following: (a) the probability of success in the litigation; (b) difficulties, if any, to be encountered in matter of collection; (c) the complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending the litigation (including the possibility that denial of the settlement will cause the depletion of assets); and (d) the paramount interests of the creditors and a proper deference to their reasonable views. *In re Justice Oaks II, Ltd.*, 898 F.2d. 1544, 1549 (11th Cir. 1990), *cert. denied sub nom.*, *Wallace v. Justice Oaks II, Ltd.*, 498 U.S. 959 (1990); *Kay*, 223 B.R. at 820; see also 9 Collier on Bankruptcy ¶ 019.03[1]

(15th ed. 1993) (noting that the settlement process "requires a bankruptcy judge to assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal"). After duly reviewing these factors, a bankruptcy court can only be said to err in its approval of a settlement or compromise if it "fall[s] below the lowest point in the range of reasonableness." *In re Martin*, 490 F.3d 1272, 1275 (11th Cir. 2007). Moreover, the decision of a bankruptcy trustee as to whether to settle any matter is to be considered a matter within the sound business judgment of the trustee. *In re Morgan*, 439 Fed. Appx. 795 (11th Cir. 2011).

5. In applying the above standards to this case, the Trustee believes the factors set out in *Justice Oaks* strongly favor approval of the Stipulation and the settlement embodied therein. While the Trustee believes in good faith that she could establish some liability as the operation of the pawn shop, the amount is uncertain and it is even more uncertain that the net amount recovered, after administrative costs, would be beneficial to the estate. Moreover, collection of $2,500.00 (or any greater sum) would indeed be uncertain, and even if collectible, probably not collectible in any immediate timeframe. The settlement proposed herein is being funded by a third-party, an avenue of recovery not otherwise available to the Trustee. In the business judgment of the Trustee, the proposed settlement would be in the best interest of the estate and its creditors, and the most certain, swift and cost-effective means of securing such benefit to the estate.

6. The Debtors has also agreed to suspend entry of their discharge pending completion of the payout contemplated in the Stipulation. In the view of the Trustee, this agreement adds further certainty that the settlement proposed herein will indeed be successfully completed.

WHEREFORE, for the reasons stated hereinabove, the Trustee asks this Court to approve the Stipulation attached hereto and the terms of settlement contained therein, and for any other relief that may be appropriate and just.

The Salkin Law Firm
P.O. Box 15580
Plantation, FL 33318
(954) 423-4469
(954) 423-4479 fax

By: <u>Mark Bonacquisti</u>
Mark Bonacquisti
FLBN: 703527

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

In re:

LAWRENCE CARRERO
LESLIE CARRERO

Case No. 15-29341-RBR
Chapter 7

Debtors.
_____/

## JOINT STIPULATION FOR SETTLEMENT

COMES NOW, the Debtors, Lawrence Carrero and Leslie Carrero, their undersigned counsel, and the Trustee of the estate, SONYA L. SALKIN, and stipulate and agree as follows:

1. The Debtor agrees to pay, or cause to be paid, to the Trustee, Sonya L. Salkin, the sum of $3,500.00 of in value, which amount represents a compromised payment to the estate for issues arising from a wholly-owned LLC (ECF# 14, Sch. B, item 13).

2. The Debtor has agreed to make, or have a third party make, a lump sum payment of $2,500.00 to the Trustee in cleared funds, plus waiver of the $1,000.00 auto exemption, totaling $3,500.00 in settlement value. The $2,500.00 payment will be due in full no more than twenty-one (21) days after the approval of the motion to compromise controversy. The waiver of the $1,000.00 auto exemption shall be immediate upon bankruptcy court approval of this agreement, and shall require no further action of the court.

3. The payment shall be made directly to the Trustee at the address listed below.

4. The Trustee shall promptly file a Notice of Abandonment on the scheduled 1967 Buick Electra upon receipt of the $2,500.00 payment.

5. The Discharge of Debtor shall be withheld pending complete payment of the sum

set forth herein. If the Debtor fails to comply with the terms of this agreement, the Discharge of Debtor will be denied in accord with 11 U.S.C. §§ 727(a)(6)(A) and/or 727(a)(10).

Dated:

By: _____
SONYA L. SALKIN, TRUSTEE
P.O. Box 15580
Plantation, FL 33318
(954) 423-4469

_____
LAWRENCE CARRERO
Debtor

_____
MATTHEW MAZUR
Attorney for Debtor

_____
LESLIE CARRERO
Co-Debtor